# EXHIBIT A



TMM / ALL
Transmittal Number: 21851668
Date Processed: 08/05/2020

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Tom Myers<br>Aids Healthcare Foundation<br>6255 W Sunset Blvd<br>Fl 21<br>Los Angeles, CA 90028-7422 |
| **Electronic copy provided to:** | Claudia Immerzeel<br>Blake Wilding |

| | |
|---|---|
| **Entity:** | Aids Healthcare Foundation<br>Entity ID Number  3448377 |
| **Entity Served:** | Aids Healthcare Foundation |
| **Title of Action:** | University of Southern California on behalf of its Keck Hospital of USC vs. Aids Healthcare Foundation Medical Plan |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 19STLC08774 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 08/04/2020 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Edward Stumpp<br>562-901-4499 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Electronically FILED by Superior Court of California, County of Los Angeles on 03/20/2020 12:42 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Ramos,Deputy Clerk
19STLC08774

**SUM-100**

## SUMMONS ON AMENDMENT TO COMPLAINT
### *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AIDS HEALTHCARE FOUNDATION; and DOES 1 through 25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

UNIVERSITY OF SOUTHERN CALIFORNIA ON BEHALF OF ITS KECK HOSPITAL OF USC

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso):* 19STLC08774 |
|---|---|

LOS ANGELES COUNTY SUPERIOR COURT
111 N. Hill St., Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Edward Stumpp (SBN 157682) / Iminderjit "Imi" Pooni (SBN 303996)  Fax No.: (562) 901-4488
HELTON LAW GROUP, APC  Phone No.: (562) 901-4499
1590 Corporate Dr., Costa Mesa, CA  92626

| DATE:<br>*(Fecha)* 03/20/2020 | Clerk, by<br>*(Secretario)* | Sherri R. Carter Executive Officer / Clerk of Court<br>D. Ramos | Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* AIDS HEALTHCARE FOUNDATION

under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS ON AMENDMENT TO COMPLAINT  Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*

Exh. 3

Electronically Received 12/13/2019 08:52 PM

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| Edward Stumpp (SBN 1576820)<br>Iminderjit Pooni (SBN 303996)<br>HELTON LAW GROUP, APC<br>1590 Corporate Drive, Costa Mesa, CA 92626; Tel. (562) 901-4499 | | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**03/06/2020**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ D. Silva _____ Deputy |

ATTORNEY FOR (Name): Plaintiff UNIVERSITY OF SOUTHERN CALIFORNIA

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS: 111 N. Hill Street, Los Angeles, California 90012

PLAINTIFF: University of Southern California on behalf of its Keck Hospital of USC

DEFENDANT: AIDS Healthcare Foundation Medical Plan, et al.

| **AMENDMENT TO COMPLAINT**<br>(Fictitious /Incorrect Name) | CASE NUMBER:<br>19STLC08774 |
|---|---|

☐ **FICTITIOUS NAME** *(No order required)*

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having designated the defendant in the complaint by the fictitious name of:

FICTITIOUS NAME

and having discovered the true name of the defendant to be:

TRUE NAME

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| | | |

☑ **INCORRECT NAME** *(Order required)*

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

INCORRECT NAME

AIDS Healthcare Foundation Medical Plan

and having discovered the true name of the defendant to be:

TRUE NAME

AIDS Healthcare Foundation

amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| 12/12/19 | Iminderjit Pooni, Esq. | |

## ORDER

THE COURT ORDERS the amendment approved and filed.

03/06/2020

_____
Dated

Serena R. Murillo

_____
Judicial Officer

Serena R. Murillo / Judge

**AMENDMENT TO COMPLAINT**
(Fictitious / Incorrect Name)

LASC LACIV 105 (Rev. 08/18)
For Optional Use

Code Civ. Proc., §§ 471.5,
472, 473, 474

Exh. 4

Electronically FILED by Superior Court of California, County of Los Angeles on 09/23/2019 06:30 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Diaz,Deputy Clerk
19STLC08774

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AIDS HEALTHCARE FOUNDATION MEDICAL PLAN; and DOES 1
through 25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

UNIVERSITY OF SOUTHERN CALIFORNIA ON BEHALF OF ITS
KECK HOSPITAL OF USC

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>LOS ANGELES COUNTY SUPERIOR COURT<br>111 N. Hill St., Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>19STLC08774 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Edward Stumpp (SBN 157682) / Iminderjit "Imi" Pooni (SBN 303996)    Fax No.: (562) 901-4488
HELTON LAW GROUP, APC    Phone No.: (562) 901-4499
1590 Corporate Dr., Costa Mesa, CA 92626

DATE:    Sherri R. Carter Executive Officer / Clerk of Court
*(Fecha)* 09/23/2019    Clerk, by    Diana Diaz    , Deputy
    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

    under: [ ] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
    [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
    [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)

    [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*

Exh. 5

Electronically FILED by Superior Court of California, County of Los Angeles on 09/23/2019 06:30 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Diaz,Deputy Clerk

19STLC08774

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: <br>— Edward Stumpp (SBN 157682) / Iminderjit "Imi" Pooni (SBN 303996)<br>HELTON LAW GROUP, APC<br>1590 Corporate Dr.<br>Costa Mesa, CA 92626<br> TELEPHONE NO.: (562) 901-4499          FAX NO.: (562) 901-4488<br>ATTORNEY FOR *(Name)*: Plaintiff UNIVERSITY OF SOUTHERN CALIFORNIA | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
  STREET ADDRESS: 111 N. Hill St.
  MAILING ADDRESS:
  CITY AND ZIP CODE: Los Angeles, CA 90012
  BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
        USC v. AIDS Healthcare Foundation, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☐ Unlimited    ☒ Limited<br>(Amount          (Amount<br>demanded        demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter    ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 19STLC08774<br><br>JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☒ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Mass tort (40) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Product liability (24) | **Real Property** | ☐ Insurance coverage claims arising from the |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | above listed provisionally complex case |
| ☐ Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is    ☒ is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties      d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence        f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☒ monetary    b. ☐ nonmonetary; declaratory or injunctive relief    c. ☐ punitive
4. Number of causes of action *(specify)*: FIVE (5)
5. This case ☐ is    ☒ is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:    September 23, 2019

Imi Pooni
_____                                          _____
(TYPE OR PRINT NAME)                                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

*LexisNexis® Automated California Judicial Council Forms*

Exh. 6

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
  Property Damage/Wrongful Death)
  Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
  Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

*LexisNexis® Automated California Judicial Council Forms*

| SHORT TITLE: USC v. AIDS Healthcare Foundation, et al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I**. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES   CLASS ACTION? [ ] YES   LIMITED CASE? [X] YES   TIME ESTIMATED FOR TRIAL __3__ [ ] HOURS/ [X] DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 4.<br>1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g.,<br>assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4.<br>1., 4.<br>1., 3.<br>1., 4. |

*LexisNexis® Automated California County Forms*

LACIV 109 (Rev. 03/11)
LASC Approved 03-04
**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**
Local Rule 2.0
Page 1 of 4

Exh. 8

| SHORT TITLE: | CASE NUMBER |
|---|---|
| USC v. AIDS Healthcare Foundation, et al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☒ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., ②, 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

*LexisNexis® Automated California County Forms*

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Exh. 9

| SHORT TITLE: | CASE NUMBER |
| --- | --- |
| USC v. AIDS Healthcare Foundation, et al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
| --- | --- | --- | --- |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

*LexisNexis® Automated California County Forms*

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0

Page 3 of 4

Exh. 10

| SHORT TITLE: | CASE NUMBER |
|---|---|
| USC v. AIDS Healthcare Foundation, et al. | |

**Item III.** *Statement of Location:* Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1,** as the proper reason for filing in the court location you selected.

| REASON:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☒2. ☐3. ☐4. ☒5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br><br>1500 San Pablo St. |
|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Los Angeles | CA | 90033 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _____Stanley Mosk_____ courthouse in the _____Central_____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: __September 23, 2019__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

*LexisNexis® Automated California County Forms*

LACIV 109 (Rev. 03/11)                **CIVIL CASE COVER SHEET ADDENDUM**                Local Rule 2.0
LASC Approved 03-04                   **AND STATEMENT OF LOCATION**                     Page 4 of 4

Exh. 11

Electronically FILED by Superior Court of California, County of Los Angeles on 09/23/2019 06:30 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Diaz,Deputy Clerk
19STLC08774

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Serena Murillo

1

**HELTON LAW GROUP**
A PROFESSIONAL CORPORATION
EDWARD STUMPP (State Bar No. 157682)

2

IMINDERJIT "IMI" POONI (State Bar No. 303996)
ATTORNEYS AT LAW

3

1590 Corporate Drive
Costa Mesa, CA  92626

4

TELEPHONE: (562) 901-4499
FACSIMILE:  (562) 901-4488

5

6    ATTORNEYS FOR PLAINTIFF

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                  **FOR THE COUNTY OF LOS ANGELES**

10

| | |
|---|---|
| 11  UNIVERSITY OF SOUTHERN CALIFORNIA 12  ON BEHALF OF ITS KECK HOSPITAL OF USC, | Case No.: 19STLC08774 ASSIGNED TO: DEPT.: |
| 13             Plaintiff, | |
| 14  vs. | LIMITED – DAMAGES DO NOT EXCEED $25,000 |
| 15  AIDS HEALTHCARE FOUNDATION 16  MEDICAL PLAN; and DOES 1 through 25, inclusive, | **COMPLAINT FOR DAMAGES FOR:** **1.  BREACH OF IMPLIED-IN-FACT     CONTRACT** **2.  QUANTUM MERUIT** |
| 17             Defendants. | **3.  OPEN BOOK ACCOUNT** **4.  INTENTIONAL INTERFERENCE     WITH PROSPECTIVE ECONOMIC     RELATIONS** |
| 18 | |
| 19 | **5.  NEGLIGENT INTERFERENCE WITH     PROSPECTIVE ECONOMIC     RELATIONS** |
| 20 | |

21    TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

22         1.      AIDS HEALTHCARE FOUNDATION MEDICAL PLAN and DOES 1 through 25

23    (collectively, the "Defendants") have failed to pay approximately $12,366.45 in medical

24    reimbursement owed to Plaintiff UNIVERSITY OF SOUTHERN CALIFORNIA ON BEHALF OF

25    ITS KECK HOSPITAL OF USC, for medically necessary hospital care and services provided to the

26    Patient at issue.

27    ///

28    ///

### THE PARTIES

2.      Plaintiff UNIVERSITY OF SOUTHERN CALIFORNIA ON BEHALF OF ITS KECK HOSPITAL OF USC ("Keck", "Hospital" or "Plaintiff") is a California corporation, with its principal place of business in the city of Los Angeles, county of Los Angeles, in the state of California. KECK is a California licensed acute-care hospital and in good standing under the laws of California.

3.      The Hospital is informed and believes that Defendant AIDS HEALTHCARE FOUNDATION MEDICAL PLAN, (hereinafter "AHFMP" or "Defendant") is a California corporation organized and existing under the laws of the state of California with its principal place of business in the city of Los Angeles, county of Los Angeles, in the state of California.  The Hospital is informed and believes that Defendant AHFMP operates a self-funded benefit plan and provides health care benefits for its plan enrollees.

4.      The Hospital is unaware of the true names, identities, and capacities of defendants sued herein as Does 1 through 25, inclusive, and each of them as based thereon, sues said defendants by such fictitious names.  When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein.  The Hospital is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged herein, and that the Hospital's damages as alleged herein were proximately caused by those defendants.

5.      The Hospital is informed and believes and thereon alleges that at all times mentioned herein, each of the defendants, including all defendants sued under fictitious names, were the agent and/or employee of each of the remaining defendants, and in so doing the things alleged herein, were acting within the scope of his or her agency and employment.

6.      The Hospital is withholding the name of the Patient in this Complaint to preserve the Patient's protected right to privacy concerning health care information. The Patient's medical and claims information has been and will be made available to the appropriate Defendant upon request.

7.      At all relevant times, the Hospital was informed that the Patient was an AHFMP health plan enrollee.

## JURISDICTION AND VENUE

8.      Jurisdiction is proper in this judicial district because this is where the contracts at issue were entered into and/or where the breach occurred.

## GENERAL ALLEGATIONS

9.      Defendants AHFMP and the Patient have underpaid, failed to identify amounts as patient responsibility, and/or delayed payment for amounts owed to the Hospital for medically necessary services provided to the Patient.

10.     In January 2018, the Hospital provided medically necessary health care services to the Patient.

11.     The Hospital verified the Patient's benefits for the services provided and obtained authorization for the services.

12.     Based on custom and practice, the Hospital possessed all customary paperwork available upon the Patient's admission, which included the Conditions of Services Agreement. The Conditions of Services Agreement provides that the Patient agrees "to promptly pay all hospital bills in accordance with the reimbursement rates listed in the hospital's charge description and master…" and the Patient is "financially responsible for charges not paid according to" all insurance and plan benefits. The Patient executed and entered into the Conditions of Services Agreement ("Patient Contract").

13.     The Hospital is informed and believes that Defendants are aware of the Hospital's charges. As required by the laws of the State of California, at all times relevant herein, the Hospital was required to, and in fact did, publish its charges online on the OSHPD website. The Hospital's published charges are, and were at all times relevant here, available to the public including Defendants. The Hospital's published charges reflect the reasonable and customary value of the services and supplies the Hospital provides.

14.     During the Patient's hospital stay, the Hospital rendered medically necessary and physician ordered services, with total charges of $17,128.67.

15.     The Hospital submitted to Defendants claims for reimbursement for the services the Hospital provided to the Patient. Defendants acknowledged their obligation to pay the Hospital for

1  medical services provided to the Patient through agreements, correspondence and discussions,

2  including but not limited to issuing partial payments for the services rendered.

3       16.    Defendant AHFMP, through its agent and administrator, Group & Pension

4  Administrators, Inc. ("GPA"), issued payment to the Hospital in the amount of $3,788.18 and assigned

5  $974.04 as patient responsibility.

6       17.    With such payment, Defendant AHFMP, through its agent and administrator, GPA, sent

7  an Explanation of Payment ("EOP") to the Hospital identifying $12,366.45 as "ineligible" charges,

8  along with the explanation, "These charges exceed the plan's allowable claim limits:  Therefore, the

9  charges have been denied as stated in the exclusions and limitations in your summary plan

10  description."

11       18.    The Hospital is informed and believes, and on that basis alleges, Defendants are aware

12  that, given that no written contract exists between the Hospital and AHFMP, the Hospital is permitted

13  to balance bill the Patient for any amounts not covered by AHFMP.  The Hospital is informed and

14  believes, and on that basis alleges, AHFMP is also aware that the Hospital's custom and practice is to

15  enter into a Conditions of Services Agreement with patients that require patients to be financially

16  responsible for the medical services not covered by their health plan. Yet, AHFMP issued explanations

17  of payments to the Hospital and the Patient that fail to make the balance of charges patient

18  responsibility.  In so doing, AHFMP has interfered with the Hospital's ability to obtain payment from

19  the Patient.

20       19.    The Hospital submitted letters to Defendants disputing the underpayment.

21       20.    The Hospital's expected reimbursement from the Defendants is $17,128.67.

22       21.    Defendants failed to fully reimburse the Hospital for the medically necessary services

23  provided to the Patient.

24       22.    Taking into account AHFMP's partial payment of $3,788.18, Defendants currently owe

25  the Hospital $12,366.45 for the medically necessary services provided to the Patient.

26  ///

27  ///

28  ///

4

COMPLAINT

## FIRST CAUSE OF ACTION

### BREACH OF IMPLIED-IN-FACT CONTRACT

### (AS TO ALL DEFENDANTS)

23.     The Hospital hereby re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs above, and further alleges as follows.

24.     Plaintiff is informed and believes, and thereon alleges, Plaintiff promptly notified Defendant of the health care services provided to the Patient, and Defendant verified the Patient's benefits and/or authorized the Patient's receipt of services from Plaintiff.

25.     At no time during Plaintiff's care and treatment of the Patient did Defendant assert Patient was not their members, or indicate in any way to Plaintiff it would not cover the Patient's medical expenses.

26.     Defendant impliedly and expressly requested that Plaintiff care for and treat Patient, including by authorizing Plaintiff to provide services to the Patient, and by failing to seek transfer of the Patient from Plaintiff to a different facility, despite knowing Patient was hospitalized at Keck.

27.     Moreover, Defendant expressly and/or impliedly promised they would cover and pay for the expenses incurred in such care and treatment.

28.     The implied-in-fact contract created by the parties' conduct was understood by Defendant and demonstrated by Defendant's issuance of partial payment to Plaintiff.

29.     Plaintiff performed all its obligations under their implied-in-fact contract with Defendant, in that they provided covered, medically necessary and physician-ordered services to Defendant's members.

30.     Defendant breached the implied-in-fact contract with Plaintiff with respect to the Patient by refusing to fully pay Plaintiff's claims for the charges incurred in providing medical services to the Patient.

31.     As a result of Defendant's breaches, Plaintiff was damaged in that they were not fully compensated for the health care services they provided to the Patient, in an amount to be proved at trial, but no less than $12,366.45.

## SECOND CAUSE OF ACTION

## QUANTUM MERUIT

## (AS TO ALL DEFENDANTS)

32.     The Hospital hereby re-alleges and incorporates by reference each and every allegation set forth in preceding paragraphs above.

33.     As alleged above, the Hospital believes it is entitled to full and complete payment from the DEFENDANT in accordance with the implied-in-fact contract as set forth above. However, to the extent the implied-in-fact contract alleged does not apply and/or is deemed unenforceable against DEFENDANT for any of the services at issue, the Hospital alleges in the alternative that the DEFENDANT owes the Hospital for these services based on *quantum meruit*

34.     The Patient requested that the Hospital provide medically necessary and physician ordered services.

35.     Prior to and/or at the time of providing services to the Patient, Hospital notified AHFMP that the Hospital would be and/or was providing the Patient medically necessary and physician-ordered hospital services.

36.     AHFMP verified the Patient's eligibility and benefits and authorized the services.

37.     By verifying the Patient's benefits and authorizing the services, AHFMP expressly and/or impliedly requested the Hospital to provide hospital services to the Patient.

38.     In response, the Hospital provided hospital services to the Patient.

39.     The Hospital's provision of hospital services to the Patient was intended to, and in fact, benefited the Defendants in that the Patient was provided with medical care and treatment which the Defendants were obligated to pay for and/or provide.

40.     Defendants have not reimbursed the Hospital the reasonable value of the hospital services it provided to the Patient.  Thus, the Hospital has not been compensated for the significant health care services it provided to the Patient.

41.     As a result of the benefit conferred upon the Defendants, the Hospital is entitled to quantum meruit damages in an amount exceeding $12,366.45, to be proven at trial.

### THIRD CAUSE OF ACTION

### OPEN BOOK ACCOUNT

### (AS TO ALL DEFENDANTS)

42.　　The Hospital re-alleges and incorporates by reference each and every allegation set forth in preceding paragraphs above, and further alleges as follows.

43.　　The Hospital seeks recovery from the Defendants in an amount to be proved at trial, but in no event less than $$12,366.45, based on an account stated in writing, plus interest.

44.　　In the ordinary course of business, the Hospital sent invoices for the services at issue to the place that the Defendants directed the Hospital to send those bills.  The bills are commonly referred to as UB-04s, based on the form originated by the Medicare program, and now used routinely by all providers and payors, for stating bills.  The amounts stated on these bills by the Hospital are the billed charges, and therefore, full values for the care provided to the Patient.

45.　　The Hospital further maintained the Defendants' open account for the services provided to the Patient.  The open book account showed the accounts receivable – all debits and credits – for all of the services provided.

46.　　The Hospital is informed and believes that the Defendants agreed with the Hospital on the amount due from it, as reflected in the UB-04s sent to Defendants.

47.　　The Hospital is informed and believes that the Defendants expressly and/or impliedly promised to pay the amount due of $17,128.67.  AHFMP paid $$3,788.18 and the assigned Patient responsibility of $974.04.  Defendants owe the Hospital a balance of $12,366.45 for the open book account.

### FOURTH CAUSE OF ACTION

### INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS

### (AS TO ALL DEFENDANTS)

48.　　The Hospital re-alleges and incorporates by reference each and every allegation set forth in preceding paragraphs above.

Exh. 18

49.     The Hospital is informed and believes, and thereon alleges, that Defendants knew of the existence of the prospective economic relationship between the Hospital and the Patient ("Patient Economic Relationship").

50.     The Hospital is informed and believes Defendants engaged in wrongful conduct by wrongfully and fraudulently assigning only $974.04 as patient responsibility on the EOP it sent to the Hospital and informing the Hospital in other communications not to pursue further reimbursement from the Patient.  Defendants did so for their own gain because Defendants paid the Hospital at amounts significantly less than amounts owed through the Patient Economic Relationship. By engaging in this conduct, Defendants intended to disrupt the relationship or knew that disruption of the relationship was certain or substantially certain to occur.

51.     The Hospital and the Patient were in an economic relationship as described above that probably would have resulted in a future economic benefit to the Hospital.

52.     As a result of Defendants' wrongful conduct, the relationship between the Hospital and the Patient has been disrupted and the Hospital has been harmed by not receiving reimbursement from the Patient.

53.     Defendants' wrongful conduct was a substantial factor in causing the Hospital's harm.

### FIFTH CAUSE OF ACTION

### NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS
### (AS TO ALL DEFENDANTS)

54.     The Hospital re-alleges and incorporates by reference each and every allegation set forth in preceding paragraphs above.

55.     The Hospital is informed and believes, and thereon alleges, that Defendants knew of the existence of the Patient Economic Relationship.

56.     The Hospital is informed and believes Defendants failed to act with reasonable care and engaged in wrongful conduct by wrongfully assigning only $974.04  as patient responsibility on the EOP it sent to the Hospital and informing the Hospital in other communications not to pursue further reimbursement from the Patient. Defendants did so for their own gain because Defendants paid the Hospital at amounts significantly less than amounts owed through the Patient Economic Relationship.

57.    The Hospital and the Patient were in an economic relationship as described above that probably would have resulted in a future economic benefit to the Hospital.

58.    As a result of Defendants' wrongful conduct, the relationship between the Hospital and the Patient has been disrupted and the Hospital has been harmed by not receiving reimbursement from the Patient.

59.    Defendants' wrongful conduct was a substantial factor in causing the Hospital's harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1.    For compensatory damages in an amount according to proof at trial;

2.    For the reasonable value of the services in quantum meruit;

3.    For interest, including pre-judgment interest, at the statutory rate;

4.    For costs and reasonable attorneys' fees to the extent allowed by law; and

5.    For such other and further relief as the Court may deem just and proper.

DATED:  September 23, 2019          HELTON LAW GROUP, APC

                                    By: _____
                                    EDWARD STUMPP
                                    IMI POONI
                                    Attorneys for Plaintiff

9

COMPLAINT

Exh. 20

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

| | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>**Stanley Mosk Courthouse**<br>**111 North Hill Street, Los Angeles, CA 90012** | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**09/23/2019**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Diana Diaz _____ Deputy |
| PLAINTIFF(S):<br>UNIVERSITY OF SOUTHERN CALIFORNIA ON BEHALF OF ITS KE[...] | |
| DEFENDANT(S):<br>AIDS HEALTHCARE FOUNDATION MEDICAL PLAN | |
| **NOTICE OF CASE ASSIGNMENT – LIMITED CIVIL CASE** | CASE NUMBER:<br>**19STLC08774** |

Case is assigned for all purposes to the judicial officer indicated below.  Notice given to Plaintiff / Cross-Complainant / Attorney of Record on _____ 09/23/2019 _____.

| | ASSIGNED JUDGE | DEPARTMENT | ROOM |
|---|---|---|---|
| | Serena R. Murillo | 94 | |

Sherri R. Carter, Executive Officer / Clerk of Court

By Diana Diaz _____, Deputy Clerk

### Instructions for Handling Limited Civil Cases

The following critical provisions, as applicable in the Los Angeles Superior Court are cited for your information.

**PRIORITY OVER OTHER RULES:** The priority of Chapter Seven of the LASC Local Rules over other inconsistent Local Rules is set forth in Rule 7.2© thereof.

**CHALLENGE TO ASSIGNED JUDGE:** To the extent set forth therein, Government Code section 68616(i) and Local Rule 2.5 control the timing of Code of Civil Procedure section 170.6 challenges.

**TIME STANDARDS: The time standards may be extended by the court only upon a showing of good cause.** (Cal. Rules of Court, rule 3.110.)  Failure to meet time standards may result in the imposition of sanctions. (Local Rule 3.37.)

Except for collections cases pursuant to California Rules of Court, rule 3.740, cases assigned to the Individual Calendar Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served and the proof of service filed within 60 days after filing of the complaint.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints against parties new to the action must be served and the proof of service filed within 30 days after the filing of the cross-complaint.  A cross-complaint against a party who has already appeared in the action must be accompanied by proof of service of the cross-complaint at the time it is filed. (Code Civ. Proc., § 428.50.)

**DEFAULTS** (Local Rule 9.10): If a responsive pleading is not served within the time to respond and no extension of time has been granted, the plaintiff must file a Request for Entry of Default within 10 days after the time for service has elapsed.  Failure to timely file the Request for Entry of Default may result in an Order to Show Cause being issued as to why sanctions should not be imposed.  The plaintiff must request default judgment on the defaulting defendants within 40 days after entry of default.

**NOTICED MOTIONS:** All regularly noticed motions will be calendared through the assigned department.  Each motion date must be separately reserved and filed with appropriate fees for each motion.  Motions for Summary Judgment must be identified at the time of reservations.  All motions should be filed in the clerk's office.

**EX PARTE MATTERS:** All ex parte applications should be noticed for the courtroom.

**UNINSURED MOTORISTS CLAIMS:** Delay Reduction Rules do not apply to uninsured motorist claims.  The plaintiff must file a Notice of Designation with the Court identifying the case as an uninsured motorist claim under Insurance Code section 11580.2.

### NOTICE OF CASE ASSIGNMENT – LIMITED CIVIL CASE

2018-SJ-008-00

FILED
Superior Court of California
County of Los Angeles

APR 18 2018

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Stephanie Chung

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| In re Civil Limited Jurisdiction Cases Calendared in Department 94 (Non-Collection Cases) | )  FIRST AMENDED STANDING ORDER )  (Effective as of April 23, 2018) ) ) ) |

**TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:**

Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules of Court ("C.R.C."), and the Los Angeles County Court Rules ("Local Rules"), the Los Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES THE JANUARY 12, 2018 STANDING ORDER, AND THE COURT HEREBY ISSUES THE FOLLOWING STANDING ORDER THAT SHALL APPLY TO ALL LIMITED CIVIL (NON COLLECTION) CASES FILED AND/OR HEARD IN DEPARTMENT 94.

1.    PLAINTIFF(S) IS/ARE ORDERED TO SERVE A COPY OF THIS STANDING ORDER ON THE DEFENDANT(S) WITH COPIES OF THE SUMMONS AND COMPLAINT AND TO FILE PROOF OF SERVICE, AS MANDATED IN THIS ORDER.

2.    The Court sets the following trial date in this case in Department 94 (7th Floor, Room 723) at the Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012:

| TRIAL: Order to Show Cause Re: Failure to File Proof of Service: 09/26/2022 |
|---|
| Non-Jury Trial: 03/22/2021 |
| Date: _____ at 8:30 a.m. |

1

FIRST AMENDED STANDING ORDER
CIVIL LIMITED JURISDICTION CASES CALENDARED IN DEPT. 94 (NON COLLECTION CASES)
Exh. 22

2018-SJ-008-00

## SERVICE OF SUMMONS AND COMPLAINT

3. The trial date set forth above is conditioned on the defendant(s) being served with the summons and complaint <u>within six (6) months of the filing of the complaint.</u> The trial date may be continued to a later date if service is not accomplished within six months. The parties may stipulate to keep the original trial date even if service of the summons and complaint is not completed within six months of the filing of the original complaint.

4. The summons and complaint shall be served upon the defendant(s) within <u>three years</u> after the complaint is filed in this action. (C.C.P., § 583.210, subd. (a).) Failure to comply will result in dismissal, without prejudice, of the action, as to all unserved parties who have not been dismissed as of that date. (C.C.P., § 581, subd. (g).) The dismissal without prejudice as to the unserved parties for this case shall be effective on the following date:

### UNSERVED PARTIES DISMISSAL DATE

_____

5. No case management, mandatory settlement or final status conferences will be conducted in this case.

## LAW AND MOTION

6. All regularly noticed pretrial motions will be heard in Department 94 on Mondays, Tuesdays, Wednesdays, and Thursdays at 8:30 a.m. A motion will be heard only if a party reserves a hearing date by going to the court's website at www.lacourt.org and reserving it through the Court Reservation System ("CRS") accessed via the "Divisions" tab at the top of the webpage, in the "Civil" Division section. All motions should be filed at the filing window on the first floor of the Stanley Mosk Courthouse and filed and served in accordance with C.C.P., § 1005, subd. (b), and all other relevant statutes.

///

2018-SJ-008-00

7. <u>Tentative Rulings</u> may be posted on the Court's internet site no later than the day prior to the hearing. To access tentative rulings, parties may go to www.lacourt.org, select "Civil" Division from the Divisions" tab at the top of the webpage, then click on "Tentative Rulings," and then type the case number in the box and click "Search."

## EX PARTE APPLICATIONS

8. Ex parte applications must be noticed for 1:30 p.m. in Department 94 and filed and served in accordance with C.R.C., Rules 3.1201-3.1207. All ex parte application fees must be paid by 1:00 p.m. at the filing window on the first floor of the Stanley Mosk Courthouse.

## JURY FEES

9. The fees for jury trial shall be due no later than 365 calendar days after the filing of the initial complaint, or as otherwise provided by C.C.P., § 631, subds. (b) and (c).

## STIPULATION TO CONTINUE TRIAL

10. A trial will be postponed if all attorneys of record and/or the parties who have appeared in the action stipulate in writing to a specific continued date. If the stipulation is filed less than five (5) court days before the scheduled trial date, then a courtesy copy of the stipulation must be filed in Department 94. A proposed order shall be lodged along with the stipulation. The Stipulation and Order should be filed in Room 118 of the Stanley Mosk Courthouse with the required filing fees.

## TRIAL

11. Parties are to appear on the trial date ready to go to trial, and must meet and confer on all pretrial matters at least 20 calendar days before the trial date. On the date of trial, the parties shall bring with them to Department 94 a three-ring binder with a table of contents containing conformed copies of each of the following documents behind a separate tab.

1) Printed copies of the Current Operative Pleadings (including the operative complaint; answer; cross-complaint, if any; and answer to cross-complaint);

2) Motions in Limine, if any, which must be served and filed in accordance with the Local Rules, Rule 3.57;

3) Joint Statement of the Case (if a jury trial);

///

3

2018-SJ-008-00

4) Joint Witness List disclosing an offer of proof regarding the testimony of each witness, the time expected for testimony of each witness, the total time expected for all witnesses, and the need, if any, for an interpreter;

5) Joint Exhibit List;

6) Printed and Edited Joint Proposed Jury Instructions (if a jury trial), and

7) Printed Joint Proposed Verdict Form(s) (if a jury trial).

The parties shall also bring a second binder containing the Joint Exhibits in an Exhibit Book numbered appropriately.

**FAILURE TO PROVIDE ANY OF THE AFOREMENTIONED DOCUMENTS ON THE TRIAL DATE MAY CAUSE A DELAY IN THE CASE BEING ASSIGNED TO A TRIAL COURT.**

GOOD CAUSE APPEARING THEREFOR, IT IS ORDERED.

Dated: April 18, 2018

DEBRE K. WEINTRAUB
Supervising Judge, Civil
Los Angeles Superior Court

GEN-16-Limited Jurisdiction Portal-PJ

**FILED**
Superior Court of California
County of Los Angeles

JUN 2 9 2016

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| In re Limited Jurisdiction Civil Cases Calendared in the Los Angeles County Superior Court | GENERAL ORDER RE LIMITED JURISDICTION CIVIL PROCEDURES: NOTICE OF WEB PORTAL AVAILABILITY FOR INTERPRETER REQUESTS (Effective July 11, 2016) |

TO EACH PARTY:

In order to expedite the availability of interpreters at hearings on limited jurisdiction civil cases, IT IS HEREBY ORDERED that each limited jurisdiction civil plaintiff shall, along with the complaint and other required documents, serve all named defendants with the *Notice of the Availability of Web Portal for Interpreter Requests*; this notice informs the litigants that the Los Angeles County Superior Court provides interpreter services in limited jurisdiction civil cases at no cost to parties with limited English proficiency and that Spanish language interpreters are available in courtrooms where limited jurisdiction civil hearings are held. The notice will be provided to the plaintiff at the time the limited jurisdiction civil action is filed, if filed at the clerk's office, and will also be posted on the Los Angeles County Superior Court internet website (http://www.lacourt.org/). Plaintiff(s) must then indicate service of the *Notice of Availability of Web Portal for Interpreter Requests* on line 2(f) of the Proof of Service of Summons form (POS-010).

Effective immediately, this General Order is to remain in effect until otherwise ordered by the Presiding Judge.

DATED: June 29, 2016

CAROLYN B. KUHL
Presiding Judge

GENERAL ORDER – LIMITED JURISDICTION CIVIL PORTAL

1

Exh. 26

### Notice of Availability of Limited Civil Jurisdiction Web Portal for Interpreter Requests

The Los Angeles Superior Court provides interpreter services at no cost to parties with limited English proficiency in Limited Civil jurisdiction hearings. Spanish interpreters are available at all courthouse locations. Therefore, it is not necessary to request a Spanish language interpreter in advance. If you require a Spanish interpreter, please let the courtroom staff know about your need on the day of your hearing. Limited English proficient individuals who speak a language other than Spanish may request an interpreter in advance of their court hearing via the Court's Web Portal for Interpreter Requests [URL]. While the Court will make every effort to locate an interpreter for the date and time of your hearing, it cannot guarantee that one will be immediately available. If you have general questions about language access services, please contact us at LanguageAccess@LACOURT.org.

### Ծանուցագիր՝ սահմանափակ իրավասության քաղաքացիական գործերով թարգմանչական ծառայության ինտերնետ ներկայացնելու համար նախատեսված առցանց դարպասային ծառայության մասին

Լոս Անջելեսի Առաջին ատյանի դատարանն անվճար թարգմանչական ծառայություններ է տրամադրում սահմանափակ իրավասության քաղաքացիական վարույթներին՝ անգլերենն սահմանափակ իմացություն ունեցող կողմերին: Իսպաներենի թարգմանչի առկայությունը բոլոր դատարաններում ապահովված է: Ուստի, իսպաներենի թարգմանչի հայտ նախօրոք ներկայացնելն անհրաժեշտ չէ: Եթե իսպաներենի թարգմանչի կարիք ունեք, ապա խնդրում ենք այդ մասին Ձեր լսման օրը տեղեկացնել դատարանի դահլիճի անձնակազմին: Անգլերենն սահմանափակ իմացություն ունեցող անձինք, ովքեր խոսում են իսպաներենից բացի այլ մեկ այլ լեզվով, կարող են թարգմանչի խնդրանք ներկայացնել նախօրոք՝ նախքան իրենց լսման օրը, Դատարանի՝ Թարգմանչական ծառայության խնդրանքների համար նախատեսված առցանց դարպասային միջոցով [URL]: Թեև դատարանին ամեն ինչ կանի Ձեր լսման օրն ու ժամին թարգմանչի ներկայություն ապահովելու համար, սակայն դատարանը չի երաշխավորում, որ նման ներկայություն անմիջապես հնարավոր կլինի ապահովել: Լեզվական մատչելիության ծառայություններին վերաբերող հարցերով խնդրում ենք դիմել LanguageAccess@LACourt.org:

### 关于小额索赔庭传译员申请门户的可用性通知

在小额索赔庭审中，洛杉矶高等法院为英语能力有限的各方人士提供免费传译员服务。在举行小额索赔庭审的所有法庭中，均有现成的西班牙语传译员。如果您需要西班牙语传译员，请在您的庭审当日将您的需求告知法庭工作人员。在庭审前，英语能力有限的非西班牙语人士可通过法院的传译员申请网络门户(URL)提前申请传译员。法院会尽力按您的庭审日期和时间安排传译员，但法院无法保证能够即时提供传译员。如果您有关于语言服务的疑问，请联系 LanguageAccess@LACourt.org。

### 통역사 신청을 위한 소액 청구 웹 포털 이용 통지

로스앤젤레스 상급법원은 소액 청구 심리에서 영어가 능숙하지 않은 당사자들에 대해 통역 서비스를 무료로 제공합니다. 스페인어 통역사는 소액 청구 심리가 열리는 모든 법정에서 손쉽게 제공할 수 있습니다. 스페인어 통역사가 필요한 경우에는 심리가 열리는 날에 법정 직원에게 알려 주십시오. 스페인어가 아닌 다른 언어를 사용하고 영어가 능숙하지 않은 개인들은 통역사 신청을 위한 법원 웹 포털을 통해서 재판일 전에 통역사를 신청할 수 있습니다(URL). 법원은 심리 날짜와 시간에 통역사를 찾기 위해 모든 노력을 기울일 것이나, 통역사를 즉시 제공한다는 것을 보장할 수 없습니다. 언어 접근 서비스에 대한 질문이 있으시면, 다음의 이메일 주소로 연락해 주십시오: LanguageAccess@LACourt.org.

### Aviso de disponibilidad del Portal web para jurisdicción limitada civil para solicitar intérpretes

La corte superior de Los Ángeles brinda servicios de intérprete sin cargo para audiencias de jurisdicción limitada civil a las partes que tienen conocimientos limitados de inglés. Se dispone de intérpretes de español en todos los juzgados. Por lo tanto, no es necesario pedir un intérprete de español por adelantado. Si necesita un intérprete de español, infórmele al personal de la sala del juzgado el día de su audiencia. Los individuos con conocimientos limitados de inglés que hablan un idioma que no sea el español pueden solicitar un intérprete antes de la audiencia en la corte por medio del Portal web de la corte para solicitar intérpretes [URL]. La corte hará el mayor esfuerzo posible para programar un intérprete para la fecha y hora de su audiencia; sin embargo, no le podemos garantizar de que haya uno disponible en forma inmediata. Si tiene preguntas generales sobre los servicios de acceso lingüístico, envíe un mensaje a LanguageAccess@LACourt.org.

### Thông Báo về Cổng Web Thẩm Quyền Hộ Sự Giới Hạn để Xin Cung Cấp Thông Dịch Viên

Tòa Thượng Thẩm Los Angeles cung cấp dịch vụ thông dịch viên miễn phí cho những bên có khả năng Anh Ngữ giới hạn trong những phiên tòa có thẩm quyền Hộ Sự Giới Hạn. Có sẵn thông dịch viên tiếng Tây Ban Nha tại tất cả các tòa. Do đó, không cần phải xin cung cấp thông dịch viên tiếng Tây Ban Nha trước. Nếu quý vị cần thông dịch viên tiếng Tây Ban Nha, xin cho nhân viên phòng xử biết về nhu cầu của quý vị vào ngày quý vị ra tòa. Người có khả năng Anh Ngữ giới hạn và nói một ngôn ngữ không phải tiếng Tây Ban Nha có thể xin cung cấp thông dịch viên trước ngày có phiên tòa của họ qua Cổng Web của Tòa cho Các Yêu Cầu Cung Cấp Thông Dịch Viên (URL). Tuy tòa sẽ nỗ lực để tìm một thông dịch viên cho ngày giờ phiên tòa của quý vị, tòa không thể bảo đảm sẽ có ngay. Nếu quý vị có thắc mắc tổng quát về các dịch vụ ngôn ngữ, xin liên lạc với chúng tôi tại LanguageAccess@LACourt.org.

August 5, 2016

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.

    **Mediation may not be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases):

   - **ADR Services, Inc.** Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261)
   - **JAMS, Inc.** Senior Case Manager mbinder@jamsadr.com (310) 309-6204
   - **Mediation Center of Los Angeles (MCLA)** Program Manager info@mediationLA.org (833) 476-9145
     - Only MCLA provides mediation in person, by phone and by videoconference.

   These organizations cannot accept every case and they may decline cases at their discretion.
   Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
   NOTE:  This program does not accept family law, probate, or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**
   https://wdacs.lacounty.gov/programs/drp/
   - Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil:
     - Free, day- of- trial mediations at the courthouse. No appointment needed.
     - Free or low-cost mediations before the day of trial.
     - For free or low-cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit
       http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. **Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit  **http://www.courts.ca.gov/programs-adr.htm**

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit **http://www.lacourt.org/division/civil/CI0047.aspx**

Los Angeles Superior Court ADR website:  http://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 01/20
For Mandatory Use

2